*310 GRIFFIS, P.J.,
DISSENTING:
¶27. Because I am of the opinion the trial court did not abuse its discretion, I respectfully dissent from the majority’s decision to reverse and remand this case for a new trial.
¶ 28. As the majority says, we must review the “[t]he trial court’s decision as to whether it is reasonably possible the communication influenced the juror” for an abuse of discretion. Wallace v. State, 166 So.3d 520, 527 (¶ 31) (Miss. Ct. App. 2014).
¶ 29. In its order, the trial court ruled: This Court served subpoenas upon the juror and the fíancé[e] and held an evi-dentiary hearing after receiving Defendant’s motion which contained an affidavit from his fiancé[e] as well as text messages, including pictures, between her and a male juror.
The juror and fíancé[e]’s accounts as to which one of them initiated the initial contact in the hallway the Tuesday of trial conflict^] obviously each blames the other. What is not in dispute is that they did end up with each other’s cell phone numbers and did talk Tuesday night for approximately fifteen minutes, and even if they did not know who each other were when they exchanged numbers, the fíancé[e] admits the juror told her Tuesday night he was on the jury. He admits he knew that she was in some way related to the Defendant.
The fiancé[e] contends she told trial counsel of the communication Wednesday, while in the courthouse, a fact that counsel, as an officer of the court, vehemently denies. The jury of ten (10) women and two (2) men returned a guilty verdict Wednesday afternoon. The juror and fiancé[e] talked again a few days later. Both generally contend the trial was not discussed but the fiancé[e] contends the juror told her he thought the Defendant was innocent. The juror denies this.
This Court questioned the fíancé[e] extensively as to why she did not feel it proper to report the conduct prior to the jury returning the verdict. Despite all her contentions to the contrary, she had more than ample opportunity to inform her counsel and/or this Court and she failed to do so. This fact alone raises doubt in the Court’s mind as to her motives. Further, this Court knows that she has given false testimony regarding at least one fact; the Court is bound to believe an officer of this court, that practices before it, when she testified she was not informed of the improper contact prior to the verdict being returned or while in the courthouse. It has occurred to this Court that perhaps the fiancé[e] is the one who purposefully initiated contact.
The Court listened to the evidence and denied the motion for directed verdict and JNOV on evidentiary grounds. Most importantly, the fact that eleven (11) jurors (ten (10) women and one (1) man) that were not exposed to this improper contact voted guilty persuades this Court to believe that “it is [not] l-eason-ably possible this communication altered the verdict.”
¶ 30. I am of the opinion that the trial court followed the appropriate legal procedure and conducted a hearing to allow all relevant evidence to be introduced. The learned trial judge heard testimony from both Brooks and Harris. Neither Brooks nor Harris testified that Brooks ever attempted to influence Harris’s decision as a juror. Further, contrary to Brooks’s claim that Harris knew that she was with the defendant, Harris testified that Brooks told him that Murry was her brother. As a result, the trial judge found that a communication had occurred that should not have *311 occurred. However, the trial judge concluded that a new trial was not warranted because the jury’s verdict was not a product of the improper communication. The trial judge concluded that no part of the communication had, or could have had, any impact on the verdict. The court also found that Brooks did not attempt to influence Harris’s decision and that she did not offer any extraneous prejudicial information. Thus, the trial judge concluded that it was not reasonably likely that Brooks’s conversations with Harris altered the verdict.
¶31. Because I am of the opinion that the trial court did not abuse its discretion when it declined to grant a new trial after finding that it was not reasonably possible that the communication altered the verdict, I must respectfully dissent. I would affirm the trial court’s judgment.
LEE, C.J., BARNES AND WILSON, JJ., JOIN THIS OPINION.